SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-6927

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Petitioner,<br><br>v.<br><br>PHAT THE HUYNH,<br><br>Respondent. | No. 07-2539 MMC<br><br>**DECLARATION OF EDWARD A. OLSEN IN SUPPORT OF PETITION TO ENFORCE A SUBPOENA ISSUED BY A UNITED STATES IMMIGRATION JUDGE** |

Pursuant to Local Rule 7-5 and 28 U.S.C. §1746, I, Edward A. Olsen, declare as follows:

1. I am employed as an Assistant United States Attorney for the Northern District of California and was asked by the Department of Justice, Executive Office for Immigration Review (EOIR), for assistance in enforcing a subpoena issued by United States Immigration Judge Robert Yeargin. I have personal knowledge of the following facts and could testify regarding these facts if called to do so.

2. Attached as Exhibit A is a true and correct copy of the Findings And Request Of The Immigration Judge To The United States Attorney And The United States District Court For The Northern District of California, dated April 26, 2007, in the *Matter of Phuong Thi Ly* (A45-997-108).

3.   Attached as Exhibit B is a true and correct copy of the Subpoena issued by United States Immigration Judge Robert Yeargin, dated October 23, 2006, directing the respondent, Phat The Huynh, to appear before the Immigration Court at 120 Montgomery Street, 8th Floor, Courtroom 6, San Francisco, California, 94104, on December 20, 2006, at 9:00 a.m., to give testimony in connection with the removal proceeding of Phuong Thi Ly.

4.   The subpoena reflects that it was personally served on Phat The Huynh by a registered process server on October 28, 2006.

5.   Attached as Exhibit C is a true and correct copy of the Declaration of Dominic E. Capeci, who represents Phuong Thi Ly in Ms. Ly's removal proceeding in Immigration Court, and which recounts the efforts Mr. Capeci has made to secure Phat The Huynh's attendance in Immigration Court to testify in his client's removal proceeding.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed under the laws of the United States on this 28th day of June 2007, in San Francisco, California.

                                    /s/
                                    EDWARD A. OLSEN

# EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

| | |
|---|---|
| Matter of ) | Date: APR 2 6 2007 |
| **Phuong Thi LY,** ) | File Number: **A45-997-108** |
| Respondent ) | In Removal Proceedings |

On Behalf of Respondent:
Dominic E. Capeci, Esq.
Kaiser and Capeci
633 Battery Street, Ste. 611
San Francisco, CA 94111

On Behalf of the DHS:
Eileen Keenan
Office of the Chief Counsel
120 Montgomery Street, Ste. 200
San Francisco, CA 94104

**FINDINGS AND REQUEST OF THE IMMIGRATION JUDGE
TO THE UNITED STATES ATTORNEY AND THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

### I. Background

Jurisdiction in this case was established by the filing of a Notice to Appear ("NTA"), issued by the Immigration and Naturalization Service ("INS" or "DHS")[1] on August 19, 1999 with the Executive Office for Immigration Review (Immigration Court). *See* 8 C.F.R. § 1003.14(a). The NTA charges the respondent with being removable under section 237(a)(1)(D)(i) of the Immigration and Nationality Act ("INA"), as amended, as an alien whose conditional legal permanent residence status was terminated under section 216 or 216A of the Act. In support of this charge, it alleges the following factual allegations: (1) The respondent, a native and citizen of Vietnam, was lawfully admitted to the United States for permanent residence on a conditional basis on July 26, 1996; and (2) DHS terminated the respondent's status on June 24, 1999.

---

[1] On March 1, 2003, the Immigration and Naturalization Service was subsumed into the new Department of Homeland Security ("DHS"). Homeland Security Act of 2002, Pub. L. No. 107-296, Title IV, 116 Stat. 2135 (Nov. 25, 2002), as amended.

A45-997-108

In these proceedings, the Court will review the INS decision to terminate Respondent's conditional residency. *See* 8 C.F.R. § 216.5(f). On May 11, 1998, the respondent filed a petition to remove the condition on her residency. She filed a joint petition even though her husband at the time, Phat The Huynh, did not sign the petition; it was denied as a joint petition on June 24, 1999. On May 18, 2004, the respondent's current husband filed an I-130, Petition for Alien Relative, on the respondent's behalf. This petition was denied, as well as a second I-751, or "good faith waiver" to establish that her first marriage was bona fide. In its notice to the respondent, Citizenship and Immigration Services ("CIS") stated that the respondent's I-751 waiver petition was being denied in part because the respondent failed to provide bona fides on her first marriage to Phat The Huynh. As to the waiver requirements, *see* INA § 216(c)(4)(B).

The central issue in this case is the bona fide character of the respondent's marriage to Phat The Huynh. The respondent seeks to call Phat The Huynh as a witness. On October 28, 2006, after determining that he was unwilling to testify and that his appearance is essential to this case, this Court issued a subpoena to Phat The Huynh ordering him to appear at a hearing on December 20, 2006. *See* attached subpoena. As indicated on the return of service, the subpoena was served by personal service on Phat The Huynh by Mr. Sean Yackle, a registered process server.

Section 240(b)(1) of the Act sets forth that the Immigration Judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses. The Immigration Judge may also issue subpoenas for the attendance of unwilling essential witnesses and presentation of evidence. *See id.*; *see also* 8 C.F.R. §§ 1003.35(b)(6) and 1287.4(a)(2)(ii)(C). As to the enforcement of such subpoenas, the regulations provide that:

> If a witness neglects or refuses to appear and testify as directed by the subpoena served upon him or her in accordance with the provisions of this section, the officer or immigration judge issuing the subpoena shall request the United States Attorney for the district in which the subpoena was issue to report such neglect or refusal to the United States District Court and to request such court to issue an order requiring the witness to appear and testify and to produce the books, papers, or documents designated in the subpoena.

8 C.F.R. § 1287.4(d). The Court now makes the necessary findings so as to obtain the appropriate assistance from the United States Attorney for the Northern District of California and United States District Court for the Northern District of California in the enforcement of the Court's subpoenas in this case and for the appearance of Phat The Huynh at a hearing in this case in the immigration court on July 18, 2007 at 9 a.m.

The Court properly issued a subpoena to appear as a witness to Phat The Huynh, who is unwilling to testify and whose testimony is critical to the determination of the bona fide character of the respondent's marriage. The witness was properly served on October 28, 2006, but he failed to appear as ordered or to contact the Court prior to his scheduled appearance on December 20, 2006.

A45-997-108                                    2

In light of the foregoing, the Court makes the following findings and request:

### FINDINGS AND REQUEST

IT IS HEREBY FOUND that Phat The Huynh was properly served with a subpoena commanding him to appear at a hearing before the Court on December 20, 2006.

IT IS FURTHER FOUND that Phat The Huynh failed to appear at the December 20, 2006 hearing or to contact the Court in advance of the hearing, and thus is in contempt of the Court's proper exercise of authority.

THE COURT HEREBY REQUESTS that the United States Attorney for the Northern District of California and United States District Court for the Northern District of California provide all assistance necessary in the enforcement of this Court's subpoenas and for the appearance of Phat The Huynh at the immigration court's hearing in this case on July 18, 2007 at 9 a.m.

_____
ROBERT YEARGIN
United States Immigration Judge

cc: Dominic Capeci, Esq.
    Elieen Keenan, Office of Chief Counsel

A45-997-108                                3

# EXHIBIT B

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

Office of Origin:                           File A 45-997-108
Office of the Immigration Judge
120 MONTGOMERY ST., 8TH FLOOR, COURTROOM 6
SAN FRANCISCO, CA  94104

                                            Date: Oct 23, 2006

SUBPOENA

In re LY, PHUONG THI

TO: _Phat The Nuyuh_
    _176 Pound Street_
    _Vallejo, CA 94529_

You are hereby commanded to appear before Immigration Judge
ROBERT YEARGIN at 120 MONTGOMERY ST., 8TH FLOOR, COURTROOM 6,
SAN FRANCISCO, CA  94104       on
Dec 20, 2006 at _9_       (A.M) P.M. to give testimony in
connection with the REMOVAL proceeding being conducted under
the authority of the Immigration and Nationality Act, relating to
LY, PHUONG THI  concerning


You are further commanded to bring with you the following books,
papers, and documents, viz: _n/a_ .

                                _Robert Yeargin_
                                ROBERT YEARGIN
                                Immigration Judge

RETURN ON SERVICE OF SUBPOENA
    I hereby certify that on the _28th_ day of _October_,
20_06_, I served the above subpoena on the witness named above by
_personal delivery._

_Sean Yackle_                    _____ Registered
    (name)                           (title)      process server
                                                              ER

ILW



**messenger service**
PO Box 190543
San Francisco, CA 94119
(415) 760 2188

October 31st, 2006

Invoice

Attention: Law Offices of Kaiser & Capeci
633 Battery St., Suite 611
San Francisco, CA

Type of service: Service of Process – Same day RUSH

1. 10/27/2006:
   Served: Phat The Huyah
   Address: 176 Round Street, Vallejo, CA
   Same Day Rush Service: $172
   Second Attempt on Saturday: $91

Total: $263

Please pay total upon receipt. Thank you!

Theresa's Messenger Service
Accounts Payable
415-760-2703

## PROOF OF SERVICE

I, the undersigned declare:

That I am an employee of the Law Offices of Kaiser and Capeci, and that my business address is 633 Battery Street, Suite 611, San Francisco, California 94111.

That the attached true copy of the below-mentioned documentation is for the following matter:

In the Matter of:           LY, Phuong Thi
Alien Registration Numbers:    A45-997-108

That I served a true copy of the **Evidence of Service of Subpoena** in the following manner:

XX      in person this day at

_____      by placing said copy in an envelope, which was then sealed, with postage fully paid thereon, and was addressed this day to

XX      Department of Homeland Security
Immigration and Customs Enforcement
Office of the Chief Counsel
120 Montgomery Street, Suite 200
San Francisco, California 94104

Executed this 3rd day of November 2006, at San Francisco, California.

_____

# EXHIBIT C

# DECLARATION
## OF
## DOMINIC E. CAPECI

1. I, Dominic E. Capeci, declare that the following is true and correct to the best of my knowledge, memory, and belief under penalty of perjury under the laws of the State of California and the federal laws of the United States.

2. I was born on December 31, 1969 in Youngstown, Ohio. I am a United States citizen.

3. I am an attorney in good standing, licensed by the State of Missouri (Bar No. 43867) and the State of Illinois (Bar No. 6239099). I have been admitted to practice before the United States Court of Appeals for the Ninth Circuit. I am a partner within the Law Offices of Kaiser and Capeci, in San Francisco, California.

4. Currently, I represent Ms. Phuong Thi Ly before the Immigration Court in San Francisco, California, before which I am her Attorney of Record.

5. On her behalf, I have attempted to contact her former husband, Mr. Phat HUYNH, in order to present him as a witness before said Immigration Court regarding, *inter alia*, the *bona fide* nature of their marriage.

1

6. I telephoned Mr. Phat HUYNH at #707-712-0166 on June 29, 2006 and October 1, 2006, date before the date of Ms. Phuong Thi Ly's last Individual Hearing. I also telephoned him once on October 5, 2006. Each of these times, I encountered a general voicemail message without anyone's authentic human voice on it (a computer generated female voice message), which repeated the telephone number that I had reached. Each one of these times, I introduced myself as Ms. Phuong Thi Ly's immigration attorney, and I requested that Mr. Phat HUYNH contact me at #415-362-0200 in order to be a witness in her case before the Immigration Court, which might assist her in her efforts to remain in the United States with lawful immigration status.

7. On July 6, 2006, after Ms. Phuong Thi Ly's Custody Re-Determination Hearing before the Immigration Court at 630 Sansome Street, Ninth Floor, San Francisco, California 94111, I asked Ms. Patricia HUYNH whether she could convince Mr. Phat The HUYNH to contact me for the purpose of being a witness on behalf of Ms. Phuong Thi Ly. She said that she would try to have him contact me.

8. I received Mr. Phat HUYNH's aforementioned telephone number from Ms. Patricia HUYNH, and her mother, Ms. Hue Kim Ly, on June 28, 2006, when I met them physically at my

2

office at 633 Battery Street, Sixth Floor, San Francisco, California 94111.

9. On August 24, 2006, in person at this same address, Ms. Patricia HUYNH provided Mr. Phat HUYNH's address to my Associate Attorney, Elisa C. Brasil, Esq., as "Phat The Huynh, 176 Round Street, Vallejo, California 94589," which she requested for the purposes of a subpoena. During this meeting, Ms. Patricia HUYNH was again asked whether she could convince Mr. Phat The HUYNH to contact me for the purpose of being a witness on behalf of Ms. Phuong Thi Ly. She said that she would try to have him contact me.

10. Mr. Phat The HUYNH has never contacted me in any manner at any time. I have never spoken to him, nor have I received any type of message from him through any means whatsoever.

11. Executed on October 5, 2006 at San Francisco, California.

_____
Dominic E. Capeci, Esq.